# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

George William Rauchfuss, Jr.

v.

Roger E. Schultz *et al.*

Case No. CL1302754P-03

By Judge David F. Pugh

June 5, 2014

The Court has reviewed the documents submitted to the Court *in camera* and heard argument and testimony in briefs and *ore tenus* at the hearing on May 9, 2014. In accordance with the findings and rulings made that day and incorporated in the Order entered June 4, 2014, the Court has determined that the following documents, enclosed with this letter, are not protected work product and, if work product, are discoverable due to the Plaintiff's substantial need:

A document referenced in the Supplemental Privilege Log as 3(a), "Undated notes authored by Risk Manager Wendy Connor created on December 11, 2012, and reflecting Wendy's mental impressions after separate conversations with Dr. Schultz and another treating provider on that same date" ("Document No. 3(a)");

The medical chart printed contemporaneously with Document 3(a), containing the handwritten notes of Wendy Connor authored December 11, 2012, referenced in the Supplemental Privilege Log under the general heading of number 2 ("Document No. 2 [3(a)]");

A document referenced in the Supplemental Privilege Log as 3(b), "Undated notes authored by Risk Manager Wendy Connor created on March 12, 2013, and reflecting Wendy's mental impressions after a conversation with Dr. Schultz on that same date" ("Document No. 3(b)");

A document referenced in the Supplemental Privilege Log as 3(c), "Notes dated March 18, 2013, authored by Risk Manager Wendy Connor reflecting her mental impressions after conversations with Mr. Rauchfuss of that same date" ("Document No. 3(c)");

The medical chart printed contemporaneously with Document No. 3(c), containing the handwritten notes of Wendy Connor authored March

18, 2013, referenced in the Supplemental Privilege Log under the general heading of number 2 ("Document No. 2 [3(c)]");

The document referenced in the Supplemental Privilege Log as number 4, "Witness statement — Undated statement (postmarked December 31, 2012) titled "Witness Statement about My Care of Mr. George Rauchfuss, Jr.," authored by Roger E. Schultz, M.D., reflecting his concern that litigation was likely to result" (Document No. 4").

These documents, after *in camera* review, have been redacted to remove "mental impressions, conclusions, opinions, or legal theories" pursuant to Virginia Supreme Court Rule 4:1(b)(3).

## March 30, 2015

The Court has reviewed the documents submitted to the Court *in camera* and heard argument in briefs and *ore tenus* at the hearing on February 25, 2015. Please see enclosed Order and redacted documents which reflect the Court's rulings in this matter. The documents, which are attached to the Order and incorporated therein, include the following:

Document titled "Physician Employment Agreement," which is the employment agreement between Roger E. Schultz, M.D., and Riverside Physician Services, Inc.;

Document titled "Employment Agreement," which is the employment agreement between Benjamin Pettus, M.D., and Peninsula Radiological Associates, Ltd.;

Document titled "Radiology Services Agreement," which is the agreement between Riverside Physician Services, Inc., and Peninsula Radiological Associates, Ltd.

These documents, after *in camera* review, have been redacted to reflect the rulings of this Court with respect to Plaintiff's Motion To Compel and the Defendants' respective objections to production.

## Order

This matter comes before the Court on Plaintiff's Motion To Compel. A hearing was held on February 25, 2015, and argument upon the motion was heard *ore tenus*. Defendants Roger E. Schultz, M.D., Riverside, Dr. Benjamin Pettus, and Peninsula Radiological Associates (hereinafter "Defendants") asserted claims of confidentiality and privilege against production of the documents in dispute, and the Court ordered that the Documents be produced for *in camera* review.

The Defendants submitted the contested documents to the Court. Pursuant to Court Order, the Defendants also provided one page summaries of their objections to the material in each document, and Plaintiff responded to these objections.

Upon careful review of each of the documents submitted to the Court by the parties, the Court hereby orders:

1. That the documents submitted as various parts of the credentialing files of Roger E. Schultz, M.D., and Dr. Benjamin Pettus are privileged pursuant to Virginia Code §§ 8.01-581.16 and 8.01-581.17. The files produced to the Court are privileged in their entirety. And;

2. That the documents titled Radiology Services Agreement, Physician Employment Agreement, and Employment Agreement are discoverable in part, contain confidential information in part, and are non-responsive in part. The documents have been redacted to reflect the rulings of this Court and the redacted documents attached hereto and incorporated herein by reference. And;

3. That the redactions thus made are those which the Court finds are proper for the protection of the interests asserted by the Defendants, while also protecting the Plaintiff's right to discovery.

Upon consideration of which, the Plaintiff's Motion To Compel heard on February 25, 2015, is hereby granted in part and denied in part.

The Clerk is directed to mail attested copies of this order to all interested parties and/or counsel. Signatures are waived pursuant to Virginia Supreme Court Rule 1:13.